644 February 5, 2025 No. 76

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Annunziata GOULD
and Central Oregon Landwatch,
*Petitioners,*

*v.*

DESCHUTES COUNTY
and Central Land and Cattle Company, LLC,
*Respondents.*

Land Use Board of Appeals
2024036, 2024040;
A185808 (Control), A185809

Argued and submitted December 19, 2024; on petitioners' joint motion to strike respondents' joint answering brief filed December 17, 2024; respondents Deschutes County and Central Land and Cattle Company, LLC's joint response filed December 18, 2024.

Jennifer M. Bragar argued the cause for petitioners. Also on the joint opening brief were Jay M. Harris and Tomasi Bragar Dubay and Carol Macbeth and Central Oregon Landwatch.

David Doyle and J. Kenneth Katzaroff argued the cause for respondents. Also on the joint answering brief were Stephanie Marshall and Deschutes County Legal Counsel and Schwabe, Williamson & Wyatt, P.C.

Before Egan, Presiding Judge, Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Motion to strike denied; affirmed.

**LAGESEN, C. J.**

Petitioners Annunziata Gould and Central Oregon LandWatch seek judicial review of a final order of the Land Use Board of Appeals (LUBA). In that order, LUBA affirmed the Deschutes County Planning Division's denial of petitioners' requested appeals of a permit extension granted to respondent Central Land and Cattle Company, LLC (CLCC). The planning division denied petitioners' requested appeals because the plain terms of the Deschutes County Code do not provide for third-party appeals of a county decision regarding a permit extension. Notwithstanding the plain terms of the Deschutes County Code, petitioners raise five assignments of error. None provides a basis for reversal of LUBA's affirmance. Accordingly, we conclude that LUBA's order was not unlawful in substance, ORS 197.850(9)(a), and affirm.

Under the Deschutes County Code (DCC), the scope of appeal rights turns on whether a decision is a "development action" or a "land use action."  DCC 22.04.020. A "development action":

> "means the review of any permit, authorization or determination that the Deschutes County Community Development Department is requested to issue, give or make that either:
>
> "A.   Involves the application of a County zoning ordinance or the County subdivision and partition ordinance and is not a land use action as defined [in DCC 22.04.020]; or
>
> "B.   Involves the application of standards other than those referred to in subsection (A) above, such as the sign ordinance.
>
> "For illustrative purposes, the term 'development action' includes review of any * * * permit extension * * *."

*Id*. A "land use action" is:

> "any consideration for approval of a quasi-judicial plan amendment or zone change, any consideration for approval of a land use permit, and any consideration of a request for a declaratory ruling (including resolution of any procedural questions raised in any of [those] actions)."

*Id.*

At issue in this case is the scope of appeal rights for a permit extension. As indicated in DCC 22.04.020 and repeated in DCC 22.36.010(C) and (D)(2) (governing permit extensions), the code classifies the decision on a permit extension as a development action: "Approval of an extension granted under DCC 22.36.010 is an administrative decision, is not a land use decision described in ORS 197.015 or Title 22 and is not subject to appeal as a land use decision and shall be processed as a development action." DCC 22.36.010(D)(2).

This, in turn, is determinative of the associated appeal rights. The code supplies the right to a local appeal of a development action to a limited set of individuals or entities:

> "*Only the applicant*, his or her representatives, and his or her witnesses[.]"

DCC 22.32.050 (emphasis added).

By contrast, the code affords a right to a local appeal of a land use action to a broader category of individuals or entities:

> "a person entitled to notice [of the action], a person adversely affected or aggrieved by the administrative decision, or any other person who has filed comments on the application with the Planning Division."

DCC 22.32.010(A)(2).

In this case, CLCC applied for an extension of its conditional use permit for a development project using the county's form "Application for an Extension of a Land Use Permit." The application directed CLCC to "[d]escribe any action that has been taken to fulfill any or all conditions of approval" and to "[d]escribe the reason(s) for not beginning or continuing development or meeting conditions of approval within the approval period." Consistent with those directives, CLCC included a description of the work completed pursuant to its permit. CLCC stated that, given the described actions, it "may be considered" to have initiated the approved use, and requested that the county issue that

determination, but was "nonetheless" submitting the extension request:

> "Considering the actions already taken, as described above, the Applicant may be considered to have 'initiated' the use authorized in this approval, and requests that the County issue such a determination under DCC 22.36.020. Nonetheless, the Applicant also submits this extension request so as to be transparent with the County and to provide the County information on its current progress."

Petitioners Gould and LandWatch each commented on CLCC's application for an extension. Both commented on CLCC's corporate status. They asserted that CLCC had been "administratively dissolved" by the Secretary of State and, in petitioners' view, that dissolution made it so that CLCC did not have "the capacity" or "authority" to apply for the permit extension. Gould also commented on her belief that CLCC's request was for a determination of initiation of use under DCC 22.36.010(D)(1), rather than an extension request under DCC 22.36.010(D)(2), and that such determination is considered a "land use decision" under the DCC for which Gould was entitled to notice.

Deschutes County's Planning Division "reviewed [CLCC's] request for an extension * * * against the criteria contained in [DCC] Section 22.36.010(C)" and concluded that "the request satisfies all applicable criteria for approval." The county granted the extension. Addressing petitioners' comments regarding CLCC's corporate status, the county stated that its records listed CLCC as the owner of the permit. Addressing Gould's comment that the request was not for an extension but, instead, for an initiation-of-use declaration, the county stated that "no Initiation of Use application was filed and no criteria within DCC 22.36.020 [pertaining to Initiation of Use] has been reviewed in regard to this application for an extension."

Petitioners then sought to appeal the county's grant of the extension. The county denied the requests, via email, because "[t]he decision to approve the extension request was final when issued. Because there is no appeal provided in the [DCC] (except to the applicant), there is no further action to be taken by the County."

Petitioners appealed the email denials to LUBA. LUBA affirmed and petitioners filed for judicial review.

At issue is whether petitioners have a right to a local appeal of the county's extension of CLCC's development permit. Petitioners' arguments, though numerous, do not demonstrate any factual or legal error in LUBA's decision. On the contrary, many of their arguments are flatly at odds with the plain terms of the Deschutes County Code and with the factual record.

As we understand it, petitioners' primary argument is that CLCC's application was not, in fact, an application for a permit extension but, instead, was an application for an initiation-of-use declaration. Petitioners reason that, because the application was for an initiation-of-use declaration, they were, therefore, entitled to a local appeal on the county's decision to grant CLCC's extension request.

This argument does not square with the factual record. CLCC's application expressly states that it was a "request for an extension" of its permit. Although CLCC's application also noted that it was requesting an initiation-of-use declaration, in the same paragraph CLCC reiterated that it was "nonetheless" also filing the extension request. Consistent with the terms of CLCC's application, the county reviewed the criteria for a permit extension under DCC 22.36.010(C) and did not, in connection, with the application, initiate a declaratory proceeding to assess initiation of use, and did not otherwise consider the question of initiation of use. Under those circumstances, there is no basis to conclude that either LUBA or the county erred in viewing CLCC's application as an application for an extension request in the context of determining whether petitioners had a right to a local appeal under the Deschutes County Code.

Petitioners next contend that ORS 215.416(2) and *McKenney v. Deschutes County*, 37 Or LUBA 685, 694 (2000) support their contention that CLCC's application was one for an initiation-of-use determination, and not just an application for an extension. ORS 215.416(2), as interpreted by LUBA in *McKenney*, requires counties to "have a procedure

available to review [a] consolidated application" "at one time for all permits or zone changes needed for a development project." 37 Or LUBA at 694; ORS 215.416(2). As LUBA correctly recognized, petitioners' reliance on these authorities does not advance their argument because nothing in them suggests that the county was required to treat CLCC's application for an extension as a consolidated application for both an extension and an initiation-of-use declaration—particularly where, as here, the applicant itself does not contend that it was seeking anything other than an extension with the application.

Alternatively, petitioners point to DCC 22.32.022, and argue that it conferred on them a right to a local appeal for the purpose of assessing whether they had a right to a local appeal. They contend further that LUBA erred by not discussing it.

We disagree. DCC 22.32.022 states that a determination of jurisdictional defects "shall be made by the Hearings Body to which an appeal is made." Petitioners' theory as to why that provision confers on them a right to appeal is not clear to us but, one way or another, the code is clear that (1) approvals of permit extensions are development actions; and (2) development actions can be appealed only by (a) applicants; (b) representatives of applicants and (c) witnesses of applicants. DCC 22.04.20; DCC 22.32.050. Because it is undisputed on this record that petitioners do not fall within the set of individuals and entities authorized to appeal a development action, LUBA's failure to consider DCC 22.32.022 as a source of an appeal right for petitioners does not constitute legal error.

Next, petitioners point to evidence that CLCC was administratively dissolved by the Secretary of State and, as we understand their argument, contend that the administrative dissolution of CLCC converted the decision on the extension request into a land use decision because, in petitioners' view, the county necessarily made a land-use judgment call regarding CLCC's validity in granting the extension. As a result, petitioners contend that the decision is one for which they have a right of local appeal.

Petitioners' arguments again fail to persuade us that LUBA erred in rejecting their claim to a local appeal, given the plain terms of the code limiting local appeals of rulings on extension requests to a set of individuals and entities that undisputedly does not include petitioners. Beyond that, we note that the county, in granting the extension request, did not appear to resolve the issue of CLCC's validity but, instead, simply recognized that CLCC was the owner of the permit according to county records. As a result, it appears that the county's grant of the extension was ministerial and did not rest on the type of judgment call regarding CLCC's validity that petitioners' argument rests on.

Petitioners' remaining assignments of error are premised on the assertion that the county's grant of the permit extension was a "land use decision" that aggrieved them. They rely specifically on ORS 215.422(1)(a) and ORS 215.416(11)(a)(A) to argue that those statutes provide them a statutory right to a local appeal and assert that LUBA erred in not directly addressing those statutes. That argument fails for two reasons. First, ORS 215.417 specifies that permit extensions are not land use decisions. ORS 215.417(3) ("An extension of a permit under subsection (2) of this section is not a land use decision as defined in ORS 197.015."). Second, to the extent that petitioners' argument rests on their theory that CLCC's application was for an initiation-of-use declaration or something other than an extension, we already have rejected that theory as contrary to the factual record.

Two other matters require resolution. First, petitioners filed a motion to strike respondents' answering brief, either in its entirety or only certain portions, on the basis that the brief contains evidence that is not part of the record. That evidence includes Deschutes County's general land use application form and references to the Secretary of State's administrative reinstatement of CLCC. We deny the motion. Petitioners' arguments provide no persuasive reason to strike the entirety of the answering brief and, to the extent that the brief points to extra-record material, we have not considered that material in reaching our decision.[1]

---

[1] Although that material may be judicially noticeable, we do not decide whether any of the extraneous evidence is of the type that is judicially noticeable.

Second, respondents raise a cross-assignment of error that they acknowledge need not be addressed unless we were to reverse on one or more of petitioners' assignments of error. After oral argument, petitioners filed a brief responding to the cross-assignment of error. The cross-assignment contends that LUBA erred in failing to dismiss petitioners' appeal for want of jurisdiction because, in respondents' view, the denial of a request for a local appeal was not a land use decision subject to LUBA's jurisdiction. Given our disposition affirming LUBA's affirmance of the county's decision, we do not address the cross-assignment of error or whether petitioners' response brief to that assignment was timely filed.

Motion to strike denied; affirmed.